UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

ROLAND IMPERIAL, M.D.,
Plaintiff-Appellant,

v.

SUBURBAN HOSPITAL ASSOCIATION;
MEDICAL STAFF OF SUBURBAN
HOSPITAL OF BETHESDA, MARYLAND;

No. 96-1978

SUBURBAN HOSPITAL BOARD OF
TRUSTEES; JOHN S. SAIA, Dr.; DANIEL
POWERS, Dr.; JOHN LORD, Dr.; JOHN
S. ENG, Dr.; JOEL SCHULMAN, Dr.;
CHARLES TENNEN, Dr.,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-90-3237-K)

Submitted: December 16, 1997

Decided: January 22, 1998

Before NIEMEYER and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa A. Federici, LAW OFFICES OF BRIAN T. O'REILLY, P.C.,
Springfield, Virginia, for Appellant. S. Allan Adelman, GODARD,
WEST & ADELMAN, P.C., Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Roland Imperial, M.D., appeals from an award of attorney's fees under the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. § 11113 (1994), which award was granted after a similar award was denied by a different district court judge. Appellees-- Suburban Hospital, the Suburban Hospital Board of Trustees, and six individually named physicians--filed the first motion after Imperial filed a notice of appeal from the dismissal of his underlying suit. The motion was denied as untimely under D. Md. R. 109.2.a, which required a motion for attorney's fees to be filed within twenty days of entry of judgment.* After this court affirmed the dismissal of the underlying case, we denied a similar motion for attorney's fees "without prejudice to the filing of attorney's fees motions with the district court."

Appellees then filed a second motion in the district court, seeking the same fees sought in their first motion, as well as fees for defending the appeal. The district court expressly denied the fees incurred on appeal, reasoning that it lacked jurisdiction to consider such an award. The court then granted the motion with regard to fees incurred in the district court. On appeal, Imperial contends that (1) the second award was barred by collateral estoppel, (2) the fee request was untimely filed, and (3) the district court's fee award was in error, because it did not explicitly contain a finding that Imperial's claims were "frivolous" or brought in "bad faith." Having previously granted the parties' motion to submit the case without oral argument, we find Imperial's arguments to be without merit, and we affirm the fee award.

_____

*This rule was amended in 1993, after the filing of Appellee's first fee motion but before the filing of the second, to require attorney's fees motions to be filed within fourteen days of entry of judgment. See also Fed. R. Civ. P. 54(d) (effective December 1, 1993).

2

Imperial's first two contentions may be addressed together, because they both ignore a salient fact of this case. When we denied the fee request filed in this court, we expressly invited reconsideration of the fee issue by the district court. At that point, a request for attorney's fees needed to be filed within fourteen days of the entry of judgment "for all services performed prior thereto." Within fourteen days of the entry of our order permitting reconsideration, Defendants filed a motion for attorney's fees in the district court. Thus, the motion was timely filed, and our order permitted reconsideration of the issue by the district court.

We now turn to whether a finding of frivolousness or bad faith as required by the statute, see 42 U.S.C. § 11113, must be explicitly made by the district court, and if not, whether the record here will support such an implicit finding. While the court here did not make an explicit bad faith finding in so many words, in light of the entire record and the expressions of the district court judge, we are satisfied that the "bad faith" standard was met.

In granting summary judgment for Defendants, the district court found that "[g]iven this plethora of evidence regarding Dr. Imperial's substandard patient care . . . any objective panel would have denied his application for renewal of privileges." Furthermore, the district court noted that many of Imperial's assertions were sharply refuted by documentary evidence, and in one instance, the court referred to a specific claim as "untenable." In addition, the parties fully briefed the issue of bad faith before the district court, and the district court expressly referred to those memoranda in its order awarding fees.

Under these circumstances, little would be gained by remanding this proceeding to the district court for an explicit finding of bad faith, when it is clearly evident from the record as a whole that the district court found, albeit implicitly, that Imperial's conduct was in bad faith. We are convinced from our independent review of the record that the district court's expressions are sufficient to constitute findings satisfying the bad faith requirement for an assessment of attorney's fees under § 11113.

The district court's findings are nonetheless subject to our review and must find support in the record. We review the district court's

3

decision to award attorney's fees under the HCQIA for abuse of discretion. See Smith v. Ricks, 31 F.3d 1478, 1487 (9th Cir. 1994). We addressed the merits of this case on Imperial's appeal from the grant of summary judgment. At that time, we found that there was "no evidence" that Hospital officials reviewing Imperial were not focused on quality health care concerns. Imperial v. Suburban Hosp. Ass'n, 37 F.3d 1026, 1030 (4th Cir. 1994). Moreover, we explicitly found that Imperial's contentions regarding the reporting requirements of 42 U.S.C. § 11133 (1994) were "frivolous." Imperial, 37 F.3d at 1030. In addition, we noted that Imperial pursued a claim for injunctive relief on appeal, even though it was abandoned in the district court. Id. at 1031. Finally, we rejected Imperial's claim that a subsequently enacted state law regarding immunity did not apply to his case, because the statute to which Imperial referred was simply a recodification of an earlier statute which was enacted well before Imperial's cause of action arose. Therefore, Imperial's legal position was patently incorrect. Id. at 1032.

We, thus, find that the district court did not abuse its discretion in characterizing Imperial's claims as without foundation or frivolous. Accordingly, we conclude that the district court properly imposed attorney's fees against Imperial under § 11113, and we therefore affirm.

AFFIRMED

4